AO 243 (Rev. 01/15)                                                                           Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District |  |
|---|---|---|
| Name *(under which you were convicted)*: YESENIA POUPARINA | | Docket or Case No.: 15 CV 21050 |
| Place of Confinement: 968 NW 2nd Street; Miami, FL 33128 [HALF-WAY HOUSE] | | Prisoner No.: 00408-104 |
| UNITED STATES OF AMERICA | V. | Movant *(include name under which convicted)* YESENIA POUPARINA |

**Amended MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   UNITED STATES DISTRICT COURT - SOUTHERN DISTRICT OF FLORIDA
   Wilkie D. Ferguson, Jr. - United States Courthouse - 400 North Miami Avenue
   Miami, FL 33128

   *FILED by MM D.C.*
   *SEP 30 2015*
   *STEVEN M. LARIMORE*
   *CLERK U.S. DIST. CT.*
   *S. D. of FLA. – MIAMI*

   (b) Criminal docket or case number (if you know):  1:12cr20570-GOLDBERG

2. (a) Date of the judgment of conviction (if you know):  2/4/2013

   (b) Date of sentencing:  8/22/2013

3. Length of sentence:  FORTY-SIX MINTHS

4. Nature of crime (all counts):

   18: 1343.F  WIRE FRAUD

   18: 1341.F  MAIL FRAUD

5. (a) What was your plea? (Check one)
   (1) Not guilty [✓]  (2) Guilty [ ]  (3) Nolo contendere (no contest) [ ]

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

   N/A

6. If you went to trial, what kind of trial did you have? (Check one)  Jury [✓]  Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?  Yes [ ]  No [✓]

8. Did you appeal from the judgment of conviction?  Yes [✓]  No [ ]

9. If you did appeal, answer the following:
    (a) Name of court:   UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
    (b) Docket or case number (if you know):   13-14045-D
    (c) Result:   JUDGMENT WAS AFFIRMED
    (d) Date of result (if you know):   10/22/2014
    (e) Citation to the case (if you know):   U.S. vs. POUPARINA
    (f) Grounds raised:

    THE SENTENCE OF THE DISTRICT COURT IMPOSED MUST BE VACATED BECAUSE IT WAS PROCEDURALLY UNREASONABLE

    (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☑
        If "Yes," answer the following:
        (1) Docket or case number (if you know):   N/A
        (2) Result:   N/A

        (3) Date of result (if you know):
        (4) Citation to the case (if you know):   N/A
        (5) Grounds raised:
        N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☑   No ☐

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:   U.S.D.C. SO. DIST. OF FLORIDA; Wilkie D. Ferguson, Jr. COURTHOUSE
        (2) Docket or case number (if you know):   15-CV-21050-Goldberg/White [[12-20570-Cr-Martinez]
        (3) Date of filing (if you know):   3/15/2015

        (4) Nature of the proceeding:   Still Pending
        (5) Grounds raised:   See Original 2255

AO 243 (Rev. 01/15)                                                                                                        Page 4

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
   Yes ☐   No ☑
(7) Result: Denied in part and Granted in Part
(8) Date of result (if you know): 4/28/1015

(b) If you filed any second motion, petition, or application, give the same information:
   (1) Name of court: U.S.D.C So. Dist. of FL; Miami Div.; Feguson Jr. Courthouse
   (2) Docket of case number (if you know): 15-CV-21050-White [12-20570-Cr-Martinez]
   (3) Date of filing (if you know): 8/7/2015
   (4) Nature of the proceeding: Response to Govt's Answer & Motion for Relief Under 60(b)1,2,3&4 & Brady
   (5) Grounds raised:

Response to Govt's Answer - Denied most of Govt's Answer & showed Court where the Govt's Answer supported Movant's claims for relief under her 2255;

Motion for Relief under Rules 60(b)(1)(2)(3)(4) & the Brady vs. Maryland - was denied

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
   Yes ☐   No ☑
(7) Result: Granted in Part & Denied in Part with further instructions
(8) Date of result (if you know): 8/7/2015

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
   (1) First petition:    Yes ☐   No ☑
   (2) Second petition:   Yes ☐   No ☑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

This, by all appearances, still is in the District Court's jurisdiction as all of Movant's claims have yet to be determined as a matter of law.

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

AO 243 (Rev. 01/15)             Page 5

**GROUND ONE:** Movant was DENIED "Effective Assistance of Counsel" in Violation of her Guaranteed right to Effective Assistance of Counsel pursuant to the Sixth Amendment of the Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Movant avers and submits that trial counsel was highly deficient in his performance and quite obviously ineffective during the trial, sentencing and appellate stages of Movant's court proceedings. Movant additionally submits that counsel's performance fell obviously & unreasonably far below the "Reasonable Standards" in representation of Movant's interests. Movant avers & submits that counsel FAILED to advocate on her behalf or act in Movant's best interest in any and all matters related to preparing for trial as trial counsel failed to obtain an expert witness nor did he submit exonerating evidence onto the record even though Movant PAID her trial counsel his asking fees to do such. Movant avers & states that trial counsel grossly under-represented her by failing to adequately research, do any investigation nor did he put forth ANY sort of exonerating defense at her trail nor at her sentencing.

Movant's trial counsel FAILED in his obligation to apprise Movant of the full range of consequences of pleading guilty as opposed to going to trial. Trial counsel misquoted, mis-advised and misled Movant as to the full range of guideline sentencing factors she would be subject to. In fact, Movant's trial counsel stated to her that if [Movant] went to trial, she would get 0-6 months and a $4,000.00 fine and trial counsel showed her no finalized plea agreement from the gov't but insisted on Movant going to trial so he could get her charges dropped altogether. Trail counsel misled Movant as to his capabilities in representation, knowlege of her case, knowledge of the USSG and the complexities of this case. (See Ground One Continued - attached sheet).....

(b) **Direct Appeal of Ground One:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes [ ]    No [✓]

   (2) If you did not raise this issue in your direct appeal, explain why:

Ineffective Assistance of Counsel is better suited for a 2255 motion

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes [✓]    No [ ]

   (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:    Habeas Corpus Relief under Section 2255

Name and location of the court where the motion or petition was filed:
UNITED STATES DISTRICT COURT - SOUTHERN DISTRICT OF FLORIDA

Docket or case number (if you know):    15-CV-21050-White [12-20570-Cr-Martinez]

Date of the court's decision:   8/7/2015

Result (attach a copy of the court's opinion or order, if available):

Granted in part and denied in part. I do not have the documents as I was transferred from prison to the 1/2-way house and I do not have all of my legal work as of this writing.

   (3) Did you receive a hearing on your motion, petition, or application?

        Yes [ ]    No [ ]

   (4) Did you appeal from the denial of your motion, petition, or application?

        Yes [ ]    No [ ]

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes [ ]    No [ ]

AO 243 (Rev. 01/15)                                                                                         Page 6

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Movant was DENIED "Effective Assistance of Counsel" in Violation of her Guaranteed right to Effective Assistance of Counsel pursuant to the Sixth Amendment of the Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Movant avers and states that counsel's FAILURE to understand the U.S.S.G. with respect to the nature of Movant's case, made it impossible for him to provide Movant with "Effective Assistance" of counsel. In the case at bar, Counsel FAILED to advocate on Movant's behalf and failed to consult with an expert witness - even though Movant paid him extra fees do do such. Therefore, the sentencing structure that Movant received was premised on what the government stipulated as was the loss in lieu of ACTUAL loss as the USSG's call for. Due to counsel remaining silent on this issue, Movant was overly sentenced which meets the prongs of Strickland. Counsel lodged NO objections to the presentence report as Movant had asked of him, he entered NO documents into evidence as Movant paid him extra fees to do and no mitigating statements were made by Movant's counsel when the presented factors under 3553 which, more likely than not, would have been grounds for departure and a sentence at the low end of the guideline range.
Movant continues to submit that the loss was incorrectly calculated, overstated and included funds from other transactions which bore no relevance to the funds the government was using in relation to the related offense. A good portion of the funds seized by the government was CHILD SUPPORT and funds from a whole different sale of property which this instant case never referenced. (See Ground Two - Attached Sheet)......

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Ineffective Assistance of Counsel is best raised in a 2255 Habeas Corpus petition.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☑      No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: The same 2255 - this is simply an amendment to the original 2255

Name and location of the court where the motion or petition was filed:
UNITED STATES DISTRICT COURT - SOUTHERN DISTRICT OF FLORIDA

Docket or case number (if you know): 15-CV-21050-White [12-20570-Cr-Martinez]

Date of the court's decision: 8/7/2015

Result (attach a copy of the court's opinion or order, if available):

Granted in part and denied in part. I do not have the documents as I was transferred from prison to the 1/2-way house and I do not have all of my legal work as of this writing.

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** Movant was DENIED "Effective Assistance of Counsel" in Violation of her Guaranteed right to Effective Assistance of Counsel pursuant to the Sixth Amendment of the Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel FAILED to represent the characteristics of his client, for the courts consideration in determining a just, fair and equitable sentence. Counsel for Movant FAILED to argue factors in mitigation. The Court is required to consider not only a guideline range, but also ALL of the other factors set forth in 18 U.S.C. 3553(a). Here, in the case at bar, Counsel for Movant FAILED to argue that the guidelines are "advisory" and that the court is not required to impose sentences to commensurate with the USSG's calculated guideline range. In the case with Movant, who had ZERO criminal history points, the term of sentencing calculated by the probation officer should not have been considered reasonable. In this same matter, counsel FAILED to investigate, FAILED to challenge

SEE Attached ground Three Attached.

AO 243 (Rev. 01/15)  Page 8

(b) **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐   No ☑

   (2) If you did not raise this issue in your direct appeal, explain why:

   Ineffective Assistance of Counsel is best raised in a 2255 Habeas Corpus petition.

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☑   No ☐

   (2) If you answer to Question (c)(1) is "Yes," state:

   Type of motion or petition: The same 2255 - this is simply an amendment to the original 2255

   Name and location of the court where the motion or petition was filed:
   UNITED STATES DISTRICT COURT - SOUTHERN DISTRICT OF FLORIDA

   Docket or case number (if you know): 15-CV-21050-White [12-20570-Cr-Martinez]

   Date of the court's decision: 8/7/2015

   Result (attach a copy of the court's opinion or order, if available):

   Granted in part and denied in part. I do not have the documents as I was transferred from prison to the 1/2-way house and I do not have all of my legal work as of this writing.

   (3) Did you receive a hearing on your motion, petition, or application?
       Yes ☐   No ☐

   (4) Did you appeal from the denial of your motion, petition, or application?
       Yes ☐   No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
       Yes ☐   No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

AO 243 (Rev. 01/15)                                                                                                    Page 9

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND FOUR:** Movant was DENIED "Effective Assistance of Counsel" in Violation of her Guaranteed right to Effective Assistance of Counsel pursuant to the Sixth Amendment of the Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On or about 4/28/11, Movant hired then attorney of record Mr. Tunkey. The hiring of Mr. Tunkey was due to the fact that the governmet had statrted their investigation into this alleged matter back in or around that immediate time (exact date(s) are unknown to Movant). This is important due to the fact that it was solely by Mr. Tunkey's advise after he had spoke to the HUD investigator and the Justice Department investigator that the DRAFT DOCUMENTS as shown in Movant's Response at Exhibit "C" were being flashed around and by all appearances a formal federal investigation had begun to take place. And Mr. Tunkey stated that I should get started on and complete the short sale that Movant was ultimately charged and convicted of. After all, these draft documents are definitely governmemt documents and these were federal investigators. Mr. Tunkey stated to me that this would all "go away" if I completed the short sale on the property. Once I completed the short sale, I spoke to Mr. Tunkey who then siad "oh no !! tossed his hands in the air and said "you're kidding right ?" I said "No. I did just as exactly as you said I should." Other than getting a receipt from him showing that I had retained him for counsel, I haven't been able to speak with him about the incident. However, what I do know is it was soley by advice from counsel, during this federal investigation back in April of 2011 that I started and completed the short sale that ultimately cost me 46 months of my life behind federal prison bars. (See Ground Four --- attached sheet)......

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes ☐    No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Ineffective Assistance of Counsel is best raised in a 2255 Habeas Corpus petition.


(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

    Yes ☑    No ☐


(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: My original 2255

Name and location of the court where the motion or petition was filed:
UNITED STATES DISTRICT COURT - SOUTHERN DISTRICT OF FLORIDA

Docket or case number (if you know): 15-CV-21050-White [12-20570-Cr-Martinez]

Date of the court's decision: 8/7/2015

Result (attach a copy of the court's opinion or order, if available):

Granted in part and denied in part. I do not have the documents as I was transferred from prison to the 1/2-way house and I do not have all of my legal work as of this writing.

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Yes  Ground Number 5

I only learned of this ground after the government submitted their ANSWER to my original 2255

Docket Case # remains the same: 15-CV-21050-White [12-20570-Cr-Martinez]

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?  Yes ☐  No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

My original 2255, my Response to the Government's ANSWER and this amended 2255

AO 243 (Rev. 01/15)                                                                                                       Page 11

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

   (a) At the preliminary hearing:

   (b) At the arraignment and plea:

   (c) At the trial:
   Mr. Greg Chorilla

   (d) At sentencing:
   Greg Chorillo

   (e) On appeal:
   Greg Chorillo

   (f) In any post-conviction proceeding:
   Pro se

   (g) On appeal from any ruling against you in a post-conviction proceeding:
   Pro se

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?        Yes [✓]        No [ ]

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes [ ]        No [✓]

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
   Except under the provision of the half-way house & my supervised release officer

   (b) Give the date the other sentence was imposed: 8/22/2013
   (c) Give the length of the other sentence: 46 months
   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?        Yes [ ]        No [✓]

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

   This motion is timely filed pursuant to the directions of this Court.

Ground 5 :

Movant was DENIED "Effective Assistance of Counsel" in Violation of her Guaranteed right to Effective Assistance of Counsel pursuant to the Sixth Amendment of the Constitution and/or The Government is guilty of a violation under Brady vs. Maryland, 373 U.S. 83 (1963)

Although Ms.McCarty withheld the Affidavit of Seizure from then Attorney Frank Quintero, the government did send copies of the conversations to attorney Greg Chorillo who did not request the Affidavit of Seizure. It is a well known FACT that the Indictmnet must either be supported by a "Complaint" that is sworn to or an Affidavit which is also sworn to as true and correct. Attorney, Greg Chorillo did NOT request any of these documents from the government.

Yet, the government also has a duty under the Supreme Court who has hel that:The Supreme Court held that withholding exculpatory evidence violates due process "where the evidence is material either to guilt or to punishment"; and the court determined that under Maryland state law the withheld evidence could not have exculpated the defendant but was material to the level of punishment he would be given. Hence the Maryland Court of Appeals' ruling was affirmed.

A defendant's request for "Brady disclosure" refers to the holding of the Brady case, and the numerous state and federal cases that interpret its requirement that the prosecution disclose material exculpatory evidence to the defense. Exculpatory evidence is "material" if "there is a reasonable probability that [her] conviction or sentence would have been different had these materials been disclosed."[1] Brady evidence includes statements of witnesses or physical evidence that conflicts with the prosecution's witnesses,[2] and evidence that could allow the defense to impeach the credibility of a prosecution witness.[3]

Strickler v. Greene, 527 U.S. 263, 296 (1999).
People v. Johnson, 38 Cal.App.3d 228, 113 Cal.Rptr. 303 (1974).
Banks v. Dretke, 540 U.S. 668 (2004).

Here, in the case at bar, it may be held that both parties are equally wrong by not presenting nor asking for the Affidavit of Seizure or any other document the government may have that may have exonerated Movant or lessened her sentence had the matterial been presented. (Please see attached sheet.....)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
  (1) the date on which the judgment of conviction became final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 01/15) Page 13

Therefore, movant asks that the Court grant the following relief:

or any other relief to which movant may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on 9/29/15 .
(month, date, year)

DRopped at Court House.

Executed (signed) on 9/29/15 (date)

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Movant's Amended § 2255 Continuation

## Preliminary Statement

This Court has granted Movant until September 30th, 2015 to comply with its last Order and to comply with this Court's rules which Movant received on or about September 4th, 2015. Movant has attempted to explain to this Court that all of the Court rules are not available to us in the law library as numerous pages are missing for whatever the reason. Further, Movant was ordered to "pack out" all of her belongings on or before September 16th, 2015 and send them home. So all of Movant's legal work was sent out then and I was transferred to the half-way house on Monday, September 21st, 2015 by bus from West Virginia to Miami, Florida which was a 34 hour bus trip. I didn't arrive in Miami until around 4:30AM on the 24th.... I have had no access to my legal material and have been locked down at this half-way house for three days while they go over orientation and the rules with us/me. So I am having to put this amended 2255 together in notes and am having a friend type them up for me to get them to this court on time.

I don't understand what court rules I am breaking nor do I understand what Judge White means by "piecemeal litigation". With at least a week and a half taken away from me from being able to get to a Miami area law library, not having access to reference material in the law library where I was incarcerated and not being allowed any extension of time for these out of the ordinary circumstances, I feel that I am being denied access to the court and I am out of time to respond so I am submitting this amended 2255 in good faith and with clean hands and to the best of my abilities for someone who is not trained in the law, does not understand what my judge is trying to convey to me and under these extreme circumstances of not having my legal work with me for reference. Having access to the courts, as I understand it, is firmly grounded in the First Amendment to the Constitution. Additionally, I have no choice but to reference the exhibits that are in my RESPONSE as I have no other means to obtain them to put in this 2255.

## Ground One Continued:

Movant submits that her sentence, if not a stand-alone deficiency of ineffective assistance of counsel, then the "Cumulative Deficiency Doctrine" should apply in this instant matter (Movant understands the Eleventh Circuit has called attention to the lack of the S.Ct.'s guidance on the "Cumulative Deficiency Doctrine" and weighed in on the term "specific" in the verbiage in US vs. Cronic, 466 US 659 n.26 but also brings to light the same Court used the word "errors" Id. because a fair reading could also be cut the other way by focusing on the pluralized term "errors")... however, both apply in this instant matter as there are both "specific" and a myriad of "errors" that are a direct violation of Movant's right to "effective assistance" of counsel. It is important to note, here, that this Eleventh Circuit has held that the courts have equated the finding of guilt meeting the "prejudice" prong of Strickland. Movant was found guilty solely due to trial counsel's unprofessional "errors" and had this same trial counsel not made these unprofessional, unethical & egregious errors the outcome of the proceedings at trial, sentencing and appeal would have been different. This is especially true since trial counsel failed to provide expert witness(es) and put the exhibits onto the court's record as he stated he would do and which he requested additional fees for and was paid these additional fees for the performance of such.
Moreover, trial counsel's statement to Movant that it would be better for her to go to trial than to take any plea offer the government was offering was wholly misguided and wrong.

Because this is an amended 2255, Movant has had a chance to see the government's exhibits and this Court's Show Cause Order and Movant states that in the government's Response to Movant's 2255 and this Court's Show Cause Order... there does not exist a comprehensive or comprehendible plea agreement that Movant was allegedly shown and was to be asked to plead to. Since the government either ignored this Court's Show Cause Order or that a Plea Agreement of some sort was given to Movant's trial counsel, Movant had no knowledge of an actual Plea Agreement that she was to allegedly suppose to plea to.
Further, Trial Attorney Greg Chonillo's affidavit (Gov'ts Exhibit "L") is patently false, misleading and fabricated as this alleged Mr. De Varona was never Movant's attorney... I never hired him, I never asked for him and he was not my counsel of record. Trial Attorney Greg Chonillo heavily relies on Mr. De Varona as his alibi and a way to shift his burden of being my advocate onto someone else. The affidavit at paragraph 7 is clearly devoted to Mr. De Varona and states that it was left up to Mr. De Varona to counsel Movant on not going to trial.
More importantly, NO WHERE in the affidavit Greg Chonillo presented to this Court is it stated that he or Mr. De Varona SHOWED Movant a PLEA AGREEMENT and discussed said plea agreement with Movant. Movant did not come up with 0-6 months and a maximum of $4000.00 out of thin air... this si what trial attorney Greg Chonillo explained to me would happen if we went to trial and "that it would be better to go to trial than to take any plea offer the government

was going to give us". Further, in paragraph 15, Mr. Chonillo plainly states that Movant states he "attached an e-mail where the message demonstrated that both the Affiant and his co-counsel pleaded..." but he never attached the e-mail to his affidavit... but more importantly, in this same paragraph 17, in pertinent part, "... and aware of the risks but that "God" would see her through." **Unbeknownst to Mr. Chonillo, Movant is a devout Buddhist and does not believe in "God" and therefore would NEVER have made that statement as his affidavit that is sworn to as true and correct so states.**

Thus, Mr. Chonillo's affidavit is tainted and cannot be relied on as it is laden with falsified information and is being used to shift the burden of his responsibilities of HIM providing "effective assistance" of counsel onto Mr. De Varona – his alleged co-counsel who was never Movant's client and she had no contractual relationship with this Mr. De Varona. The fact is, it was up to Mr. Chonillo to provide the "effective assistance" of counsel.

Simply due to the fact that no party has submitted a finalized Plea Agreement that could have been shown to Movant, Movant states that she was purely and simply deprived of being allowed to review any plea offer the government had just prior to trial. Movant was only told that her best move would be to go to trial and at the max she would get 0-6 months and a maximum $4,000.00 fine. This 4,000.00 is the <u>actual</u> loss amount in the short sale transaction (Note: I believe the number was $4,300 +/- a couple of dollars).

This error alone meets the prongs of Strickland as had Movant's trial counsel shown her the finalized version of the government's plea offer – which he did not – and the record is completely devoid of any such finalized plea offer – then maybe Movant would have tried to explain the enhancements that were being used to bolster Movant's sentence – even the obstruction of justice is shown in one of the e-mails in the Respondent's exhibits. The fact is, Movant had no idea that it would be worse for her to go to trial based upon what her trial counsel informed her of the ACTUAL consequences of going to trial would be versus taking a plea offer. Movant was found guilty which, according to this Eleventh Circuit meets the prejudice prong of Strickland. Would the outcome have been different... as a general rule, plea offers are construed to save time and judicial resources and are generally an enticement (of less prison time) than going to trial... so there exists a strong presumption that had Movant been allowed to see and/or sign a plea offer – then it stands to reason the outcome would have been different.

**Ground Two continued:**

Due to the FACT that other funds were being used to bolster Movant's alleged offense coupled with the FACT that Movant's counsel FAILED to pursue a true and correct calculation of the actual loss in this case caused Movant direct and irreparable harm and bolstered Movant's sentence by no less than 10+ levels of offense.

The fact is, the ACTUAL loss regarding the transaction was never properly calculated.

Movant's Amended § 2255 Continuation

Even this Court was swayed by the prosecution as Movant's counsel never objected to the actual amount of loss as he was hired and paid to do. The Court opined "the restitution amount of $207,000.00, the insurance claim as the amount of loss." Movant continues her plea to this Court that the loss amount quoted included interest and fees over the life of the loan (which, pursuant to the USSG, are to be excluded) and did not represent ACTUAL LOSS amounts. Had Movant's trial counsel understood the dynamics of this case and provided Movant with "effective assistance" then the prosecution would have understood Movant's position and the outcome would have been different.

Ground Two also contains "specific" errors and a multitude of "errors" and, as such, the "Cumulative Deficiency Doctrine" should apply here as well.

Movant was found guilty and her sentence was enhanced by at least 10 or more levels – this meets the prongs of Strickland.

**Ground Three continued.....**

and/or mitigate all sentencing factors which would have impacted the amount of time his client would have been exposed to. Due diligence requires such - so counsel is expected to independently investigate all the facts and circumstances as well as all of the laws pertaining to the case... Strickland v Washington.... and he is REQUIRED to know the elements of the offense. Counsel made NO mitigation alternative report available to the court and the courts record is devoid of such. This is beyond iirreprehensible and inexcusable at any level especially at the sentencing phase of the legal proceedings. Counsel FAILED to request the court's consideration of application of the Parsimony Principle, where under 3553 regarding "reasonableness" requesting the court to impose a sentence sufficient, but not greater than necessary, to comply with 3553(a)(2). Movant was prejudiced her counsel's silence in this Count Three as there have been numerous federal case that have dealt with pedophiles, bank robbers and the like who have received lesser sentences than Movant ultimately received simply due to counsel's "ineffective assistance". Again, since Movant was found guilty, this satisfies the prejudice prong but had Movant's counsel shown any effectiveness, then he would have at least made a mitigation alternative report available and at least would have let the court know that the guidelines were 'advisory' and not mandatory as they once were... and, he would have objected to the probation officers recommendation especially since Movant had ZERO criminal history points. The "specific" errors are stand alone errors made by Movant's trial counsel for this Court to see she was denied "effective assistance" of counsel... but the "cumulative" errors certainly pass the muster for even ordinary people to see that she was denied "effective assistance" of counsel and but for his ineffectiveness, the outcome would have been different.

### Ground Four continued:

The government used in its Indictment against Movant the acquisition dates of the property (See Govt's Exhibit 'A', pg. 3, ¶'s 10-14) but then refers the scheme as starting somewhere "in or around October 2009 through at least in or around February 2012... exact dates unknown". Then on page 6 of this same Exhibit, the government uses a chart to attempt to show when the alleged illegal transaction(s) took place. If this court will note, Count one is perfectly legal and legit.... However, the activity in this chart started after the federal investigation had commenced and Movant was advised by her then retained counsel, Mr. Tunkey, to complete the short sale on the property. The activity commenced on or about November 4th, 2011 and the short sale was finalized on or about February 8, 2012.

Movant's assets were seized on or about March of 2012 and a warrant for Movant's arrest had also been issued on or about that same time period. That's when Movant hired Attorney Frank Quintero and he convinced the government to drop the warrant and in one of the Exhibits the govt produced is an e-mail from Frank Quintero that states that Movant would self-surrender at a given place and time as convenient for Ms. McCarthy.

This is important because of what the govt stated in their Answer – that "effective assistance of counsel attaches" "at the first appearance before a judicial officer at which a defendant is told of the formal accusation[s] against her.." (See page 10 of the govt's Answer). Movant would never have hired then retained Counsel Mr. Tunkey had she not been told of formal accusations being lodged against her and the DRAFT documents (Movant's Response at Exhibit 'C') were not presented to her. Mr. Tunkey also witnessed these documents.

The property in question was in Movant's hands since July of 2000... (Govt's Exhibit 'A', pg 3) so there is NO other reasonable reason for Movant to SUDDENLY start proceeding with a short sale unless she was told that what was needed to be done to make this federal investigation "go away". Movant had made money in the mortgage industry for years – and she witnessed the housing market crash and its slow rebound... the property was essentially gaining value by the day and there was NO reason for her to sell the property in such a short fashion unless she was prompted to... which was the case. In retrospect, this was HORRID advice from her then retained counsel of record, Mr. Tunkey. And this advice greatly prejudiced her and caused her to have federal charges lodged against her when there was, in fact, no reason to have sold the property. In fact, the DRAFT documents turned into charging documents from this ill advice from Mr. Tunkey. Yet... sadly so, that is exactly how it all took place. And Movant was ultimately found guilty of mail & wire fraud which stemmed from the advice of Mr. Tunkey. Even during the short sale of the property, Movant believed she was doing everything above board and included in her Response to the Govt's Answer at Exhibit 'D' numerous e-mails that show conclusively that she was "going by the book" to the best of her first-hand belief and understanding in the completion of the short sale. (See: Attached spreadsheet of Mr. Tunkey).

### Ground Five Continued....

Movant's Amended § 2255 Continuation

The facts are clear... neither the government who is required to submit any and all exculpatory evidence nor did Movant's trial counsel request any of the relevant documents the government had not disclosed. This is purely a mechanical issue for this Court to decide on whether either the government is guilty of a BRADY violation or that Movant's trial counsel was so inept that he clearly fails to meet the "effectiveness standards" of being an advocate for Movant... or, both parties are equally as responsible in not disclosing the document(s) that Frank Quintero originally asked for but was refused by Ms. McCarthy (I apologize as I don't have the governments exhibits but recall the conversation in one of her e-mails to Mr Quintero).

**Ground Six...**

Pre-trial, my trial attorney stood up and attempted to file a motion to dismiss based on the fact that HUD had stated they suffered no loss... however, the presiding judge stated: **"There will be."** This is in the court transcripts which I cannot produce at this time simply because of the transfer from prison to the half-way house I am in.

When there is no victim in a "wire fraud" and/or "mail fraud" case, there has been no crime committed. Thus, Movant was sentenced under fraudulent conditions.

NOTE: The Seized Funds were never credited towards Amount of alleged loss NOR was it given to my Victim. (or Returned to the owners)( My Children).

① I have filed numerous Documents to this issue. And NO one has responded.

② This too was or (IS) AN issue to be handled.

NOTE: There is Also a contract with the alleged victim that stated that I was NOT to be held accountable for Deficiency on shortsale. And this is the restitution and amount used to sentence.

Robbins Tunkey Ross Amsel et al 14/15
Job Ledger Report
For the Period From Jan 1, 2004 to Jul 2, 2015

Filter Criteria includes: 1) IDs from pouparin001wrt - Reg to pouparin001wrt - Reg; 2) Types from to. Report order is by ID. Report is printed with Accounts having Zero Amounts and including Balance Forward

| Job ID | GL Acct Descrip | Trx Date | Trans Description | Amount | Totals | Actual Exp. | Actual Rev. |
|---|---|---|---|---|---|---|---|
| pouparin001wrt - | Fees - Clients | 4/28/11 | Fees - Yesenia Pouparina | -2,500.00 | | | 2,500.00 |
| | | | | | -2,500.00 | | 2,500.00 |
| pouparin001wrt - | | | | | -2,500.00 | | 2,500.00 |
| Report | | | | | -2,500.00 | | 2,500.00 |

## CERTIFICATE OF SERVICE

I, Yesenia Pouparina hereby certify that a true and correct copy of the foregoing "MOVANT'S AMENDED 2255" was sent via U.S.P.S. mail and deposited in the U.S.P.S. mail box on this the __29__ day of September, 2015 and sent to:

Sandra L. Moser, AUSA
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Ave NW, Room 3204
Washington, DC 20005

And that **the original** was sent or hand delivered to:

Clerk of Court
Wilkie D. Ferguson, Jr.
U.S. Courthouse
400 North Miami Avenue
Miami, FL 33128

s/ _____
Yesenia Pouparina