UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-21050-CV-MARTINEZ
CASE NO. 12-20570-CR-MARTINEZ
MAGISTRATE JUDGE REID

YESENIA POUPARINA,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE RE
## MOTION TO REOPEN MOTION TO VACATE - 28 U.S.C. § 2255
[CV ECF No. 46]

### I. Introduction

This Matter is presently before the court on a *pro se* motion to reopen this § 2255 proceeding. [CV ECF No. 46]. For the reasons discussed below, this motion should be DENIED, and this case remain CLOSED.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B); (C); S.D. Fla. Admin. Order 2019-2; and, Rules 8 and 10 Governing Section 2255 Cases in the District Courts.

## II. Pertinent Background 2255 Proceeding

Movant **Yesenia Pouparina** initially filed this motion to vacate, as amended, challenging her conviction and sentence for four counts of wire fraud and one count of mail fraud entered following a jury verdict in **Case No. 12-20570-Cr-Goldberg (Martinez).** [CV ECF No. 26]. Movant raised multiple claims challenging counsel's effectiveness, including a claim that she was misadvised by counsel regarding the benefits of pleading guilty versus proceeding to trial. [*Id.*]. Because the claim was not conclusively refuted by the record, counsel was appointed and an evidentiary hearing scheduled. [CV ECF No. 35].

On September 19, 2016, Movant's counsel filed a motion seeking to voluntarily dismiss the § 2255 proceeding on the bases that Movant "did not want to relive facts which occasioned the crimes" of conviction, and because Movant had "completed the term of imprisonment." [CV ECF No. 41 at 2]. Movant's court-appointed counsel, Kenneth White, Esquire ("Atty. White"), explained after conferring with Movant regarding the contents of the dismissal motion, she was satisfied with his advice, and further indicated that proceeding on the claim would not "be worth the personal toll on her." [*Id.*].

On September 21, 2016, a Report was entered recommending that the motion for voluntary dismissal be granted, that the case be dismissed without prejudice,

2

except as to application of the federal statute of limitations and other procedural defenses which may apply. [CV ECF No. 42 at 2]. Movant was personally notified that if, upon considering the information contained in the Report, she wished to withdraw the motion to dismiss and proceed with her case, she should say so promptly in objections to the report. [*Id.*]. A copy of the Report was mailed to Atty. White and separately to the Movant at her residence in Coral Gables. [*Id.* at 3]. After no objections were received, on **October 31, 2016,** the district court entered an Order adopting the Report and dismissing the case. [CV ECF No. 43]. No appeal was prosecuted.

On July 11, 2017, Movant filed a *pro se* motion for leave to file a reply to the government's previously filed response to this court's order to show cause. [ECF No. 44]. Movant explained she needed to review the case and filings, and as an unskilled *pro se* litigant, required additional time to file a reply. [*Id.*]. By Order entered on April 23, 2019, the district court denied Movant's motion as moot because the proceeding had been dismissed in 2016. [CV ECF No. 45]. Movant did not appeal this order.

Instead, almost eight months later, on December 18, 2019, Movant filed a motion to reopen this proceeding. [CV ECF No. 46]. The motion is not executed under penalty of perjury. [*Id.*]. Movant argues her collateral counsel, Atty. White,

3

used the fact that Movant was on supervised release as a "fear factor" to "convince" her to voluntarily dismiss the case. [*Id.* at 1, ¶ 4]. Movant states Atty. White's advice were "a little biased." [*Id.*]. He suggested that it would be better for Movant to dismiss the case rather than be exposed herself to "new charges." [*Id.*]. Movant now claims "she did not understand" counsel's advice and felt "bullied" by him. [*Id.* at 2, ¶ 5]. Having been recently released from custody, Movant did not want "to be locked up again for no reason." [*Id.* at 1-2, ¶ 5].

Critical to this case, Movant now explains that because she has "just finished" her term of supervised release, she wants to reopen this matter. [*Id.* at 2, ¶ 7].

### III. Discussion

It is well settled that "a [f]ailure to object to the magistrate [judge's] factual findings after notice precludes a later attack on these findings." *Council v. Sutton,* 366 F. App'x 31, 37 (11th Cir. 2010) (quoting *Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir. 1988)(per curiam)(citation omitted)).

### A. Construed as a Rule 59(e) Motion

Movant does not provide a legal basis for her motion. To the extent she is relying upon Fed. R. Civ. P. 59(e), seeking to alter or amend the court's judgment entered in 2016, she is not entitled to relief. Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") authorizes a motion to alter or amend a judgment after a judgment's

4

entry, but it must be filed no later than twenty-eight days after the entry of the judgment. *See* Fed. R. Civ. P. 59(e). Further, the only grounds for granting a Rule 59(e) motion are newly discovered evidence or manifest errors of law or fact. *See Jacobs v. Tempur-Pedic Int'l, Inc.,* 626 F.3d 1327, 1344 (11th Cir. 2010). Movant's allegations in support of reconsideration are not based on manifest error of law or fact, nor are they based on newly discovered evidence. Thus, relief is not available under Rule 59(e), and the motion is due to be DENIED.

### B. Construed as a Rule 60(b) Motion

Movant is also not entitled to relief pursuant to Fed. R. Civ. P. 60(b). *See Williams v. Chatman,* 510 F.3d 1290, 1293 (11th Cir. 2007) ("Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." (quotation marks omitted)). It is well settled that *pro se* filings are construed liberally "to discern whether jurisdiction . . . can be founded on a legally justifiable base." *Fernandez v. United States,* 941 F.2d 1488, 1491 (11th Cir. 1991). Rule 60(b) provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case. *See* Fed. R. Civ. P. 60(b); *Williams,* 510 F.3d at 1293.

Pursuant to *Gonzalez v. Crosby,* 545 U.S. 524 (2005), a Rule 60(b) motion is proper if it "attacks, not the substance of the federal court's resolution of a claim on

5

the merits, but some defect in the integrity of the federal habeas proceedings." *See Wims v. United States,* 663 F. App'x 836, 888 (11th Cir. 2016)(citing *Gonzalez,* 545 U.S. at 535-36); *Parks v. U.S. Life & Credit Corp.,* 677 F.2d 838, 839 (11th Cir. 1982)(explaining that Fed. R. Civ. P. 60(b)(1) applies to mistakes of judges). Under Rule 60(b), a court may relieve a party of a final order or judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not previously have been discovered with reasonable diligence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment that has been satisfied, released, or discharged, that is based on an earlier judgment that has been reversed or vacated, or that it would no longer be equitable to apply prospectively; or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b).

The general rule is that a motion under Rule 60(b) must be made "within a reasonable time--and for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding." *See* Fed. R. Civ. P. 60(c)(1). The motion to reopen was filed in December 2019, and the order Movant seeks relief from was entered on October 31, 2016. Thus, it is not timely under Fed. R. Civ. P. 60(c)(1).

Movant has also not demonstrated that Rule 60(b)(4)-(5) are applicable.

Finally, Rule 60(b)(6) is a catchall provision that permits reopening of a judgment when the movant shows "any ... reason that justifies relief" other than the more specific circumstances set out in Rules 60(b)(1)–(5). Fed. R. Civ. P. 60(b)(6). "Relief from judgment under Rule 60(b)(6) ... requires showing extraordinary circumstances justifying the reopening of a final judgment." *Arthur v. Thomas,* 739 F.3d 611, 628 (11th Cir. 2014) (quotation marks omitted). No such showing has been made here.

Given the foregoing, Movant's motion is not timely, having been filed more than a year after the judgment was entered. Further, Movant has not shown extraordinary circumstances to warrant vacatur of the judgment. There remained no case or controversy at the time of filing of this motion. Thus, as a Rule 60(b) motion, it should be dismissed. *See e.g., Amodeo v. United States,* 2020 Wl 1190985, at *3 (11th Cir. 2020)(finding reasonable jurists would not debate the decision to deny as untimely movant's motion to reopen a judgment that was more than five years old).

Consequently, Movant's motion is not timely and should be DENIED without prejudice. Since there has been no adjudication on the merits, Movant is free to file a new new § 2255 motion to vacate. Movant is cautioned, however, that such a motion is subject to application of the federal limitations period and other procedural defenses which may apply.

## IV. Recommendations

It is therefore recommended that Movant's motion to reopen [CV ECF No. 46] be DENIED and this case remain CLOSED.

Signed this 14th day of May, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Yesenia Pouparina, *Pro Se*
    5159 SW 5th Terrace
    Miami, FL 33134

    Sandra L. Moser, AUSA
    Mary Ann McCarthy, AUSA
    U.S. Department of Justice
    Criminal Division, Fraud Section
    1400 New York Ave NW, Room 3204
    Washington, DC 20005
    Email: sandra.moser2@usdoj.gov
    Email: mary.mccarthy@usdoj.gov